UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
In re: NATURAL MOLECULAR TESTING  )
CORPORATION,                                      )    Bankr. Case No. 13-19298-MLB
                                                          )
                    Debtor.                           )
_____)
                                                          )
NATURAL MOLECULAR TESTING     )    Adv. Case No. 13-01635-MLB
CORPORATION,                                      )
                                                          )    USDC Case No. C14-1284RSL
                    Plaintiff,                          )
         v.                                               )
                                                          )
CENTERS FOR MEDICARE & MEDICAID )    ORDER DECLINING TO
SERVICES, *et al.*,                                )    WITHDRAW REFERENCE
                                                          )
                    Defendants.                     )
_____)

This matter comes before the Court on defendants' "Motion for Withdrawal of Reference to the Bankruptcy Court." Dkt. # 1.[1] This particular procedure is an outgrowth of the district courts' and bankruptcy courts' shared jurisdiction over bankruptcy proceedings. Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997) (noting that Congress granted district courts "original but not exclusive jurisdiction over all bankruptcy proceedings"). A United States district court has power to initially refer all bankruptcy proceedings to a

---

[1] This matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER DECLINING TO
WITHDRAW REFERENCE - 1

Case 2:14-cv-01284-RSL   Document 3   Filed 10/14/14   Page 2 of 3

bankruptcy court (28 U.S.C. § 157(a)), and this district has exercised that option through LCR 87(a). A district court also has authority to withdraw the reference in whole or in part for cause shown. 28 U.S.C. § 157(d). Defendants argue that the reference should be withdrawn and this action dismissed because the underlying dispute involves the appropriateness of Medicare payments which must first be determined in an administrative appeals process before it can be reviewed by the courts.

> Section 157(d) provides:
>
> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Regardless of whether a party is seeking a discretionary withdrawal under the first sentence of § 157(d) or a mandatory withdrawal under the second sentence, the request must be timely made. Although the statute does not define timeliness, courts generally find that a request for withdrawal must be made as soon as the requesting party is aware of the grounds for withdrawal in order to avoid unnecessary expense and delay in the administration of the bankrupt's estate. See Eide v. Haas, 343 B.R. 208, 213 (N.D. Iowa 2006); U.S. v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992); Central Ill. Savings & Loan Assoc. v. Rittenberg Co., Ltd., 70 B.R. 742, 746 (N.D. Ill. 1987); Boyajian v. DeFusco, 50 B.R. 327, (D.R.I. 1985) (once it becomes apparent that the "other laws" described in § 157(d) are implicated, "a party has a plain duty to act diligently – or else, to forever hold his peace."). The Local Rules of this district expressly require that "[a]ny motion for withdrawal of reference . . . be filed and served promptly after service of any pleading or document in which the basis for the motion first arises." Local Bankr. R. 5011-1(b).

In this case, it was apparent from the beginning of the adversary proceeding that the appropriateness of reimbursements under Medicare program rules, regulations, and policies

ORDER DECLINING TO
WITHDRAW REFERENCE - 2

was at issue. Defendants, in fact, asserted that very ground in support of a motion to dismiss filed in the bankruptcy court on January 23, 2014. The motion was denied on its merits. When plaintiff amended its complaint,[2] defendants again attacked the pleading in the bankruptcy court (a motion which remains pending) before finally deciding that they should request a withdrawal of reference on July 22, 2014, seven months after the initial complaint was filed. Nothing prevented defendants from filing their motion to withdraw reference sooner: instead, they waited until their chances for a quick dismissal dwindled in the bankruptcy court before seeking an alternative forum. Defendants have not been diligent, costs and delay have arisen, and the risk of forum shopping is significant. For all of the foregoing reasons, the Court DENIES the motion to withdraw reference as untimely.

Dated this 10th day of October, 2014.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

---

[2] Assuming for purposes of this argument that resolution of plaintiff's new claims will require consideration of "other laws" under § 157(d), the need for such consideration had already been apparent for six months. No new ground for withdrawing the reference came into existence as a result of the amended pleading. It is therefore inappropriate to evaluate the timeliness of defendants' motion based solely on the date on which the amended complaint was filed.

ORDER DECLINING TO
WITHDRAW REFERENCE - 3